Good morning, Your Honors. May it please the Court, Devin Burstein, Federal Defenders, on behalf of Mr. Montes. Your Honors, as a general principle, one federal district court has no authority to instruct another federal district court how for a different sentence, for a different offense, in a different case, it must confect its sentence, and that's the Fifth Circuit's language, of course, from Quintana. And this is because allowing one federal judge to order that his or her sentence run consecutively to an anticipated but not yet imposed sentence from a different federal judge would place the first judge in the position of abrogating the sentencing authority of the second judge. Now, Section 3584 does not permit such abrogation. Instead, it provides that if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, in that situation, the second federal court may order that the terms run concurrently or consecutively. So, counsel, even if we agree with you, why isn't this case moot because the second judge has already imposed a sentence and, in fact, imposed it consecutive? Well, clearly the case is not moot, I would say, Your Honor, because we do raise two issues. Well, that issue. Why isn't that issue moot? I think the question is not mootness, because mootness is whether there's any potential effective relief. Right. And if Your Honor said, we disagree, you erred on the law and remanded, as Judge Burns indicated, he would look at it anew and he could impose a lesser sentence. That would – that, I think, takes care of the mootness argument. And I think it brings it more within the realm of a harmless error consideration. I think – Well, the same argument would pertain to harmless error, whether you call it mootness or harmless error, it's the same response. Yes, Your Honor. It just – I didn't want to go into the mootness because that would – that was essentially saying we have no kind of Article III, you know, case in front of us. Well, if there is no real remedy available, that would be true. Right. But there certainly is a remedy available. Now, Judge Burns said, and he was clear on the record, and he said at ER-64, if I'm wrong in the law, they can remand it and by then he'll be sentenced and then I can look at it afresh if I'm wrong. Counsel, let's take it in context. Didn't he say, well, they can remand it in that context only in response to the objection to the consecutive nature of the sentence, not necessarily to the actual sentence? Because in his other comments he says he's given the petitioner, the appellant here, on numerous occasions for low sentences, as he calls them, slaps on the wrist, where the last one I think was 21 months. Here he gave 24 months because he said enough is enough. He's going to go with a high-end sentence. Right, Your Honor. Isn't that a clear indication of what he would do? If we say this is, well, this is harmless error because he's going to do 24 months anyway. And you did cite a case where he said even if they remanded, he would not give a lesser sentence. Right, Your Honor. But the Ninth Circuit said that, no, he didn't explain why he would give a sentence above the guidelines. Because if they would remand it, they would say he had to give a lower guideline range. And so they needed to know, okay, if you're going to give the same sentence, you've got to give some reasons why you're going to go above the guideline range. Here he gave detailed reasons why he would still go at the high-end guideline range. Isn't that a distinction? It may be a distinction, Your Honor. But I would like to point the Court to the Gunning case. And I know, Judge Gould, you were on the panel on the Gunning case. And we make the point that if the Court could have imposed a lower sentence, we're going to remand. And here I think it's important to keep things, the perspective. It's a possibility is the key word, right? The possibility. We have a legal error here. And I hope the Court will agree with me that there was the legal error. The objection was to the legal error. Your Honor, I'm sorry. You do not have the authority to impose a respectively consecutive sentence. That's the legal error that the Court here, we're hoping, will address. Now, the possibility of a lesser sentence. Indeed, in the Gunning case, the Court held that even if there's but one error, we will remand. And this is not a new trial. This is not a new prosecution. This is a remand for the district court to not commit the particular legal error. And we see that legal error, for example, in your district, Your Honor, the Joseph case cited by the government. That was your colleague, Judge Lemon, had to issue an order from the bench instructing her colleague, his colleague, I'm sorry, that that judge couldn't do what he had done. And what we're asking for is simply for the Court to correct this legal error, to come and say, no, Judge Burns, I'm sorry. You do not have authority to tell another judge what he or she will do with his sentence. If we on this issue, wasn't that there was really an error now, as opposed to the harmless component? Yes, Your Honor. Why would Congress put that last sentence in the statute here, that if the sentences are imposed at different times and the judges are silent, that the sentences would be construed, statutorily construed, to be consecutive unless the judge said concurrent? Right. It seems to me that perhaps the statute is incomplete, or maybe, but again, I'm not, we can't rewrite it or anything like that. But doesn't that evidence a clear indication by Congress that the judge could impose a consecutive sentence by simply saying silent? And then the next judge who comes along to sentence could either say consecutive or remain silent themselves, in which case BOP would be construed as to be consecutive, right? I think the best way to answer your question, Your Honor, is to point you to 3584B, which directs the Court to, and it uses the word shall, the Court in determining whether terms are to be imposed or ordered to be concurrent or consecutive shall consider as to each offense for which a term of imprisonment is imposed the factors in 3553A. But that doesn't answer the question. If the Court says nothing, the sentences are presumed to be consecutive. So the default is consecutive. The default is consecutive. You're absolutely right, Judge Rawlinson. So if you interpret Judge Burns's pronouncement of consecutive, if he remains silent and, of course, Judge Lawrence then gets it and he goes consecutive, I don't see any indication in this record that Judge Lawrence's hands was tied. Well, it's unclear, certainly, what or if Judge Lawrence knew. But again, we're taking it back to the point at which the error occurred. The point at which the error occurred is Judge Burns abrogating the sentencing authority. Now, what would happen in your district, for example, Your Honor, we see in the Joseph case or in Quintana Gomez, also from the Fifth Circuit, or in Smith? Which were all pre-Setzer cases. But Setzer doesn't affect whatsoever the idea that one judge can tell another judge how to confect its sentence. Well, they sort of beg the question in that footnote that you rely upon quite heavily.  That's true. But Setzer is about whether a district judge or the Bureau of Prisons, what happens to a Federal sentence after a State sentence has already been served? It's not the – Setzer, in fact, makes clear that the Federal court could never tell the State court what he or she has to do with the sentence. You know where I'm heading with this? And again, I'm, you know, from another circuit coming here trying to learn your circuit's precedents. But that Reynolds case in the Ninth Circuit, which identified the Taylor case that Judge Gould was on, that seems to be somewhat telling. And maybe I'm speaking in advance of your colleague to really direct the question at him. It seems as if Reynolds might still apply, at least in this context. You know, I think that's – You put in a footnote in your original brief, but then you wisely put it in your reply brief, in the body of your reply brief. Had you missed that, and maybe the government woke your eyes up in that regard, or what? No, the government – I'm trying to be funny. I just want to know your importance of Reynolds. I'd love to explain it, Your Honor. The government, in fact, doesn't address it whatsoever in their brief at all. So it wasn't the government. I put that in the brief because I think we win either which way. But clearly under this Court's precedent in Vanger, which dealt with the Heller issue, they make clear that even if certain reasoning has been overruled by the Supreme Court, our holdings in prior cases, when they haven't been directly, irreconcilably overruled, they remain binding. And we believe that the Reynolds case's language, citing Judge Gould's opinion in Taylor, remains binding on this Court and should easily answer the question. And we do flush that out more in our reply brief. I forgot. Was Reynolds en banc or no? No, Reynolds was not en banc. If I just said that, I misspoke. I apologize, Your Honor. I see I have about 13 seconds left for rebuttal. I'll give you a minute for rebuttal. Thank you, counsel. Thank you, Justice. Thank you. Good morning, Your Honors. James Melendrez of the United States. May it please the Court. Let me begin by answering the question that was just left off regarding Reynolds and why, in the government's view, that case does not control. And the reason is, is because in Reynolds, in Taylor, and in two other cases that the Petitioner cites, United States v. Neely and Clayton, the question at issue involved a Federal sentence being imposed prospectively, consecutively, to State sentences. So in Reynolds, the two sentences involved Federal charges for identity theft and interstate flight. I'm not certain about that. I know what you're saying, that it was just based upon a consecutive sentence to an unimposed State sentence. Correct. But, I mean, take the Ninth Circuit at its own words, and they said, in other words, a Federal court cannot order a sentence to be served concurrently with a sentence, including a State sentence, that has not yet been imposed. That's correct. That doesn't seem to qualify. They include that language, Your Honor. The facts at issue in Reynolds were, as I stated, a Federal-State scenario. And immediately after the language that Your Honor just mentioned, that is, the including a State sentence, there's a citation to United States v. Taylor. I'm sorry, Taylor v. Sawyer. And in that case, the factual scenario was also Federal-State. In that case, the Federal charges that were sentenced involved drug trafficking and the State charges involved murder charges. Even though I agree with you it may not be the holding, there seems to be some very striking dicta there. Well, it is dicta, Your Honor, and I would point the Court to the briefing in the government's response brief that dicta does not have the same precedential value that a holding does. And I cited in the government's brief the Posner decision in Crawley that explains why that is the case. Counsel, Judge Gould, if I could ask you a question. Yes, sir. Just at kind of a broad level, am I correct in thinking that unless we hold that Judge Byrd's made a mistake and that a Federal district court judge in our circuit should not make a sentence consecutive to some sentence that hasn't yet been imposed, that unless we say that, we will be creating a circuit split? So putting aside the harmless error issue, shouldn't we, if we want to avoid a circuit split, say that the judge made a mistake? And with respect to the circuit split you're referencing in the Quintana case and the Smith case referenced by Mr. Burstein in the petitioner's brief, I would suggest that there would not be a circuit split because those cases were pre-setzer and this case would be post-setzer in which the Supreme Court has announced a rule that applies to Federal state scenarios and the government's argument is that the rationale underlying that rule supports the district court's exercise of its authority in this case to impose its sentence to run consecutively with respect to a prospective Federal sentence. So I don't think that there would be a circuit split because the Quintana case and the Smith case were both undermined by setzer. To answer your question. Okay. Thank you. You are taking a step back to the substance of the dispute. Section 3584A includes a single limitation regarding a district court's ability to impose either a concurrent or consecutive sentence. The only limitation included in 3584A is that a district court cannot order consecutive sentences for an attempt and for a crime that is the sole object of the statute. That's the only limitation that is included. But we can't ignore cases that have interpreted that statute, can we? No, and I would ask you not to ignore them but to embrace the most recent Supreme Court case, that is setzer, in which the Supreme Court noted. But setzer didn't involve the statute. Setzer did involve 3584A, Your Honor. But the Supreme Court said the statute is silent in regards to state sentences. And so the federal district court could. And it went off into this idea of, you know, how is BOP to determine this and who, the judge or the BOP. I seem to read setzer differently in terms of what we have here compared to what the Supreme Court had. We're dealing with the statutory interpretation. That's correct. On a clear point of application to federal and federal sentences. That's correct, Your Honor. And what I would say, the government's reading of setzer, which is taken directly from the opinion itself, is that the two circumstances described in the first portion of 3584A, that is, where sentences are multiple sentences imposed at the same time or where a defendant comes before a district court already subject to an undischarged term, those are just examples of when a district court is able to exercise its discretion to impose a consecutive or concurrent sentence. That has not yet been imposed. That's the critical fact. What case are you relying upon to say that a federal court has the authority to impose a sentence concurrently or consecutively to a state sentence that has not yet been imposed? A state sentence or a federal sentence? Well, let's start with state sentence. For a state sentence, we rely on setzer. Because that was the precise holding of setzer. Because I thought our case of Reynolds versus oh, so that's overturning our authority? In the government's view, yes, it does. And then with respect to the question of a state federal sentence, the government's position is that the same rationale that Justice Scalia articulated in setzer, which is that 3584 is not a conferral of authority, but a limitation of authority. But wasn't there an express caveat in that case that talked about whether or not a federal court could impose a consecutive sentence to a yet-to-be-imposed federal sentence may not be permissible under the statute? Yes, you're exactly correct. So that's where you're saying that we should disregard that as dicta? Yes. But don't our cases say that even the dicta of the Supreme Court should be given deference? Your Honor, I'm glad that you asked that question. There is that language included in some of the Ninth Circuit decisions, including and in particular the Ninth Circuit decision cited by Mr. Montes Ruiz in this case, which is Montero Camargo. What is important, though, is that if you read that case and read the citation in particular, which is included in footnote 17 of that case, this Court, the Ninth Circuit, goes on to state, nevertheless, this is a quotation, nevertheless, we have on occasion followed the Supreme Court's admonition that although dicta may be followed if sufficiently persuasive, it ought not to control the judgment in a subsequent suit, citing Humphrey's Executor v. United States, Supreme Court case from 1935. And then importantly, in the case cited by Mr. Montes Ruiz, that is, Montero Camargo, for this proposition, the Supreme Court precedent in some cases has extra weight. The Ninth Circuit concluded that it was not going to follow the dicta of the Supreme Court. If I happen to be one of the judges on the Ninth Circuit that is persuaded by dicta in Supreme Court decisions, do you lose? I think, well, I would say, I would say yes, but I would say the question is the following. I would say under the language that I just read from the Montero Camargo case, it's really a case-by-case analysis. Okay. But my question to you was, if I am a judge who is persuaded by Supreme Court dicta, do you lose in this particular case? I think if you're a judge who's persuaded by unpersuasive Supreme Court dicta, then we lose. But I'm not saying that really facetiously. I would say the question is whether or not there is a strong legal reasoning supporting the dicta. And, you know, this is what Judge Posner was talking about in Crawley. You know, she said, on some occasions there's dicta that appears to basically be sort of a riff that is not critical to the court's ultimate decision. But the way I look at Supreme Court dicta is it kind of, it gives us a hint as to how the Supreme Court would rule if that particular issue was pivotal to the decision. And I think that that, you know, that is fair, and that's certainly a position the Ninth Circuit has taken. What I would say is with respect to this particular dicta, I would argue to the court and submit that it should not be relied on because it runs directly contrary to the structural analysis that's included in the body of the opinion. That is, in the body of the Setzer opinion, Justice Scalia and his colleagues methodically and meticulously demonstrate why the two examples listed in 35, listed in 3584A are not limitations on a district court's sentence. But why would the district court then put that, I mean, why would the Supreme Court then put that language in about what would, because all of that analysis was talking about a state court decision. Correct. Then why would the Supreme Court put in the language about the difference if it were a federal sentence? I can, again, sort of speculate as to why the Supreme Court included that footnote. And what I would say is that Setzer, the petitioner in that case, made the very argument that based on the text of 3584, there is no basis to distinguish a state court from a federal court with respect to prospective consecutive sentences. And so in that footnote, Justice Scalia states, look, Setzer has made this point, you know, it may be impliedly prohibited because Section 3584 lists circumstance regarding an undischarged term of imprisonment, and that might reserve exclusively to the second sentencing judge the ability to order a consecutive or concurrent sentence. Counsel, your time is up, but I wanted to ask you to briefly address the mootness, harmless error issue. Yes, thank you, Your Honor, and I'll be brief. The government's position, of course, is that this is both moot and to the extent there was an error, which we do not believe there was, that it was harmless. And it's moot and any potential error is harmless because the relief the petitioner is asking for effectively is that there should not have been the ability of the district court to order a consecutive sentence. And so regardless of what this Court does, whatever ruling it makes, Judge Byrne's sentence will still run consecutively to Judge Lorenza's sentence, subject to Judge Lorenza's independent order that the sentences run consecutively. And so with respect to the argument that Mr. Burstein has made on remand, there will be de novo sentencing and ---- But what about the language he references that Judge Byrne said, well, I want to look and see what Judge Lorenza does, and then I may reconsider my sentence. Does that make this a live case of controversy? Your Honor, I would argue that it does not for the following reason. When, and I'll acknowledge that that language is, you know, somewhat problematic for the government. But having said that, when the case goes back for resentencing, this is not a situation like Gunning or like Hernandez, Orellana, where there's a significant new factor. You know, there's not going to be a new, in Gunning there was no allocution at all by the defendant. In Hernandez, two counts of conviction were overturned. So it comes down in a different, significantly different posture. So the issue is whether or not the error that's complained of is related to the potential new sentence that could be imposed. That's correct. And that's the part I'm grappling with, with whether or not the error in, if there is one, in imposing the consecutive sentence can be remedied on remand. The last point I would make, Your Honor, and I want to take up more time than I'm entitled to, is that in a case cited by the Petitioner in his reply brief, United States, this Court describes cases where cases are remanded for resentencing de novo and identifies those particular cases as those with significant new factors to be considered. And then it says when a case is going back for remand, for resentencing, and there is not a new factor, we, meaning the Ninth Circuit, have limited the consideration of new evidence, of new arguments, of effectively new sentencing arguments. And I would argue that this case falls squarely in that situation, where the only issue really is whether or not Judge Burns had the authority to order the sentence run consecutively or concurrently. When it goes back down, you know, the defendant is still going to have five immigration felonies, 15 immigration contacts, a gross breach of trust. But the new factor could be that now the judge knows what sentence was imposed by Judge Lorenz. Well, that's true, although if the case is remanded in its original posture, and the order from the court is you don't have authority to order a consecutive sentence to a prospectively not yet imposed sentence, well, then the district court really would not be able to consider that prospective sentence. On the other hand, if it goes down and with instructions to consider Judge Lorenz's sentence, well, then Judge Burns will be sentencing in the second position, where an order that he is not permitted to order a consecutive sentence for a prospectively not yet imposed sentence wouldn't make sense, because he would already be sentencing in the second position. All right. Thank you, counsel. Thank you, Your Honor. Rebuttal. Thank you, Your Honor. Going right to harmlessness, and then I want to address Judge Gould's question about the circuit split, if I could. I think that my colleague just somewhat misconstrued Ninth Circuit law. I'll quote to you from Matthews. As a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record. That is without limitation on the evidence that the district court may consider. That's this Court's general practice, to remand on an open record. In Blue Mountain, the Court held, quote, the appropriate remedy for a sentence imposed in excess of the sentencing court's authority is to vacate the entire sentence and remand for resentencing. Those are direct quotes. Your Honor, Judge Rawlinson, right to your question. Judge Burns imposed a prospectively consecutive sentence. That is an odd thing to do. It doesn't happen all that often. So I would submit that the reason he did that is that there was some concern that the sentence would be concurrent. Otherwise, why go on the record and do that? Now, in second position, as Your Honor noted, he has Judge Lorenz's sentence. He knows it's 18 months. He would be, for example, if he imposed another 18 months, there's no concern about concurrent sentences. That would be an aggregate of 36 months. That is a possibility. Under Gunning and Matthews, that possibility renders the error non-harmless. So if we did it on that basis, would Judge Lorenz's consecutive sentence be invalid? That part of it, but that part of it, that order would be. But that happens every time there's multiple sentences and one is remanded. You know, the remanding goes de novo. So it is an issue, but it's one that happens all the time. If I could turn briefly, Your Honor, to Judge Gould's question about the Fourth Circuit. Judge Gould, I hope that Your Honor saw it in footnote four to my reply. Quintana Gomez remains good binding law in the Fifth Circuit. We know that because they've cited it repeatedly in Garcia and I'll butcher the pronunciation, but it's Beza Lozano, two 2013 cases from the Fifth Circuit. Those are on footnote four to my reply. Not only would it be creating a circuit split with the Fifth Circuit, it would be creating a circuit split with the Fourth Circuit and Smith. It would have to ignore this Court's statement in Reynolds that Judge LaMalle referenced, which is based on your holding earlier in Taylor. It would have to ignore the Supreme Court dicta. So in order to find against us on the law, and it would have to create a situation where one judge can tell another future Federal sentencing judge what it must do. So for all of those reasons, we would ask you to find error and to vacate and simply allow a de novo resentencing. Thank you. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court.
judges: Lemelle, Gould, Rawlinson